UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| STATE OF CALIFORNIA EX REL STEVE ROBINSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NDEX WEST LLC, <br><br> Defendant. <br> _____/ | No. C 13-05805 LB <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** <br><br> [Re: ECF No. 11] |

According to both the caption and the allegations of his complaint, Steve Robinson, who is proceeding pro se, brings this action against NDEx West LLC on behalf of himself and as a relator on behalf of the United States Government, the Social Security Administration, and the Internal Revenue Service, and the State of California for violations of (1) the federal False Claims Act, 31 U.S.C. §§ 3729-3733, (2) the Social Security Number Privacy and Identity Theft Prevention Act of 2009, H.R. 3306, 111th Cong. (2009), (3) the Taxpayer Relief Act of 1997, Pub. L. 105-34, 111 Stat. 788 (1997), (4) the California False Claims Act, Cal. Gov't Code §§ 12650-12656, and (5) California Financial Code §§ 794, 1857(d), (e), (g) & (h), 22712, 22713(b), (c) & (d), 22753, 23064, and 50205. *See generally* Complaint, ECF No. 1.  In the court's April 9, 2014 order, the court reminded Mr. Robinson of his obligation to serve NDEx West LLC with the complaint and summons in this action within the time period set forth in Federal Rule of Civil Procedure 4(m) (absent good cause, a plaintiff has 120 days from the date of filing to serve a defendant). *See*

Amended Order, ECF No. 7. As the court explained, because he filed his complaint on December 16, 2013, he had until April 15, 2014 to serve NDEx West LLC. *See id.*

That date came and went, so on May 12, 2014, the court ordered Mr. Robinson to show cause by May 21, 2014 why his case should not be dismissed without prejudice for his failure to prosecute it. First Order to Show Cause, ECF No. 8. On May 23, 2014, Mr. Robinson filed a document attaching a FedEx receipt that he says is proof that he properly served NDEx West LLC on January 7, 2014. Response, ECF No. 10. That receipt does indeed show that something was sent via FedEx on January 7, 2014, but it does not sufficiently demonstrate that Mr. Robinson properly served NDEx West LLC with the complaint and summons. First, there is no indication about what exactly was sent on January 7, 2014. *See id.* at 4-5. Second, the receipt shows that the package was sent to "Attorney Scott Harris" of "Authorized Valid Claims, NDX [sic] West LLC" at "351 Staint [sic] Mary St., Pleasanton, CA 94566." *See id.* at 4. A "Business Search" on the California Secretary of State website, however, states that NDEx West LLC's agent for service of process is an entity called "National Registered Agents, Inc. (C1941323)." Thus, even if the complaint and summons was included in the package sent via FedEx on January 7, 2014, it does not appear that Mr. Robinson properly served NDEx West LLC with them.

On July 3, 2014, the court provided Mr. Robinson with another chance to properly serve NDEx West LLC with the complaint and summons. Order, ECF No. 11. The court told him to do so by Thursday, July 17, 2014. *Id.* Mr. Robinson failed to do so.

A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability*

*Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors support dismissal. Mr. Robinson has not served NDEx West LLC in the action. This certainly is not "expeditious litigation," and the court must keep the cases on its docket moving. There also is no risk of prejudice to the NDEx West LLC. Finally, the court provided Mr. Robinson with a clear deadline to serve NDEx West LLC, and warned him that his failure to do so could result in his action being dismissed. Mr. Robinson failed to take advantage of this opportunity.

In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal. Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Mr. Robinson's action for failure to prosecute. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: July 25, 2014

_____
LAUREL BEELER
United States Magistrate Judge